Citation Nr: 1443653 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-40 316 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to service connection for a low back disorder. 

2. Entitlement to service connection for a bilateral knee disorder. 


REPRESENTATION

Veteran represented by: Colorado Division of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran, Veteran's spouse


ATTORNEY FOR THE BOARD

Avery M. Schonland, Associate Counsel
INTRODUCTION

The Veteran had active service from September 1963 to June 1967. This included service within the Republic of Vietnam from June 1966 to June 1967. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. 

In February 2014, the Veteran testified at a Videoconference Hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record in Virtual VA. 

In April 2014, the Board granted the Veteran's claims of entitlement to service connection for hearing loss and tinnitus. In that decision, the Board also remanded the issues of entitlement to service connection for bilateral knee and low back disorders for obtaining outstanding VA treatment records and VA examination. That development was completed, and the case has since been returned to the Board for appellate review. 

In deciding this appeal, the Board has reviewed the Veteran's electronic (Virtual VA) file and the Veterans Benefits Management System (VBMS), in addition to his physical claims file. Both VBMS and Virtual VA include records from the Salt Lake City VA Medical Center (VAMC), Denver VAMC, and Golden Community Based Outpatient Clinic (CBOC), and copies of the July 2014 VA examination report. The Agency of Original Jurisdiction (AOJ) reviewed these records in an August 2014 supplemental statement of the case. All other records therein are either duplicative or irrelevant to the issue on appeal. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.




REMAND

Although the Board regrets the additional delay, remand is necessary to obtain a supplemental opinion regarding the Veteran's low back and bilateral knee disorders. Initially, the VA examiner did not address the Veteran's lay statements regarding his in-service duties, i.e., the repetitive use of his back and knees in performing these duties and the alleged overuse injuries thus sustained in service. Additionally, VA treatment records show diagnoses for patellar tendinosis of both knees in April 2010, and genu varum affecting the Veteran's left knee in September 2010. The July 2014 examiner's opinion provided a nexus opinion for the diagnoses of degenerative joint disease, medial meniscal tear with subluxation, chondromalacia, and cyst of the left knee, but did not provide a nexus opinion for tendonosis or genu varum. Accordingly, remand is required for a supplemental medical opinion. 

Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the July 2014 VA examiner for an addendum opinion. If that examiner is not available, the Veteran's claims file should be provided to an appropriate VA medical professional. If it is determined that a VA examination is necessary in order to render the requested opinion, that should be accomplished. The paper and electronic claims file should be made available to and reviewed by the examiner. The examiner must state in the examination report that the claims file has been reviewed. An explanation for all opinions expressed must be provided.

Regarding the Veteran's low back disorder, the examiner is requested to offer an opinion on whether any diagnosed low back disorder is at least as likely as not (50 percent or greater probability) causally or etiologically related to his service. In providing these opinions, the examiner must address the current diagnoses of compression fracture, degenerative disc disease, degenerative arthritis, spondylosis, and left sacroiliac joint dysfunction of the lumbar spine. The examiner must address the Veteran's contentions regarding his in-service work on jet engines, to include pushing engines up to 1,800 pounds on an engine stand, constantly jumping down four to five feet from the aircraft, and replacing or removing engine parts. The examiner should address the Veteran's contentions regarding in-service onset o low back pain (being sore at the end of every day), and continuous symptoms since service. 

Regarding the Veteran's bilateral knee disorder, the examiner is requested to offer an opinion on whether each diagnosed bilateral knee disorder, is at least as likely as not (50 percent or greater probability) causally or etiologically related to his service. In providing these opinions, the examiner must address the current diagnoses of degenerative joint disease, medial meniscal tear with subluxation, chondromalacia, cyst, tendinosis, and genu varum. The examiner must also address the Veteran's contentions regarding his in-service work on jet engines as listed above. The examiner must address the Veteran's contentions regarding in-service onset for bilateral knee pain (being sore at the end of every day), and continuous symptoms since service. 

2. When the development has been completed, the case should be reviewed on the basis of additional evidence. If the benefits sought are not granted, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).